## STACK v. RAILROAD.

(Filed October 24, 1905).

*Railroads—Ponding Water—Substantial Injury—Evidence
—Statute of Limitations.*

1. In an action against a railroad for wrongfully ponding water by permanent structure, the cause of action is barred by the statute of limitations if any substantial injury was done to the land prior to five years next before action brought, under Acts 1895, chap. 224.

2. Evidence that the road bed and culvert were built more than forty years ago, and that the water was ponded in a manner substantially similar to that now complained, as much as ten or fifteen years ago, is sufficient to sustain a finding that substantial injury was done prior to five years before action brought, though the plaintiff testified that the ponding had increased of late.

ACTION by J. E. Stack against Seaboard Air Line Railway for wrongfully ponding water on a lot owned by the plaintiff, tried by *Judge Walter H. Neal* and a jury, at the August Term, 1905, of the Superior Court of UNION County.

The plaintiff alleged and offered evidence tending to show that the defendant's road bed crossed a ravine or branch at a point below a lot which was owned by the plaintiff; that the defendant had constructed a culvert or drain under its road bed, which was insufficient to carry off the water of the branch in times of rain, and by reason of such defective and insufficient culvert, the waters of said branch were frequently ponded on the plaintiff's lot, causing great damage to the same; that the culvert and road bed were built some forty years ago, but had only caused substantial damage to the plaintiff's lot within the last four or five years.

The defendant denied that the plaintiff owned the lot or that this was an insufficient structure. It also denied the

damages and pleaded the statute of limitations, and offered evidence tending to sustain its answer.

There were four issues submitted: (1) On the ownership of the lot. (2) As to the alleged negligence of the defendant. (3) On the damage done, and (4) On the statute.

Under the charge of the court, the jury answered the first three issues in favor of the plaintiff, and, in response to the fourth issue, found that the plaintiff's cause of action was barred by the statute of limitations. There was judgment for the defendant and the plaintiff excepted and appealed.

*Redwine & Stack* for the plaintiff.
*John D. Shaw* and *Adams, Jerome & Armfield* for the defendant.

HOKE, J., after stating the case: The only exception presented for our consideration was for alleged error in determination of the fourth issue. On that issue the court charged the jury as follows: "Is the plaintiff's action barred by the statute of limitations? Your inquiry would be this: When did the substantial injury start, if the lot was injured? This action was instituted September 6, 1904. The question now is, when did the substantial injury begin? This action began in 1904, and if this injury began more than five years before that, it doesn't make any difference who resided there, the plaintiff or some one else; and this injury has existed for that length of time, that is, if the substantial injury to this property began prior to September 1, 1899; then you would answer the fourth issue 'yes;' if you should find that it was commenced after that time you would answer 'no' that it was not barred. When did the substantial injury begin? If prior to September, 1899, you should answer 'yes;' if since then, you should answer 'no.' "

This we think a correct charge, in accordance with the statute law governing cases of this character, and the de-

cisions of the court.   Acts 1895, ch. 224; *Beach v. Railroad,* 120 N. C., 502; *Lassiter v. Railroad,* 126 N. C., 509.

The plaintiff does not seriously argue that the law was incorrectly stated by the judge below as an abstract proposition, but contends that there was no testimony before the court of any substantial injury done to the land prior to the five years next before institution of the suit, and that the judge should have so told the jury.   But the case on appeal does not sustain this position.   The evidence was to the effect that the road bed and culvert were built more than forty years ago, and both the plaintiff and his witness, S. A. Robinson, tendered by the plaintiff and examined by the defendant, testified that the water was ponded on this lot in a manner substantially similar to that now complained of, as much as ten or fifteen years ago.   True, the plaintiff's testimony was to the effect that the ponding had increased of late, owing to certain changes in the grading and drains of the town of Monroe, by which the flow of the surface water into this branch had been accelerated.

Under the charge of the court, however, the jury have determined that substantial injury of the kind now complained of, was done to the plaintiff's property from this very structure, more than five years next before action brought, and has existed continuously since.   As we have seen, there was evidence to support the verdict, and on such finding we are clearly of opinion that the plaintiff's cause of action is barred by the statute.

No Error.