FESTUS BEASLEY v. ABERDEEN AND ROCKFISH RAILROAD
COMPANY.

(Filed 15 April, 1908).

### 1. Railroads—Rights—Owner of Fee—Ouster.

A railroad company, which has entered on the lands of another
and constructed its road, cannot be ousted by the owner of the
land or stayed in operating its railroad thereon, when such is
being done in pursuance of the power and authority contained in
its charter and rightfully exercised under the general law appli-
cable.

### 2. Railroads—Charter Rights—Condemnation Proceedings—Damages—Statutory Methods.

When the damages sought by the owner of the land against a
railroad company using the same for railroad purposes author-
ized under its charter and in accordance with law would neces-
sarily be included in an assessment in condemnation proceedings
under a statute, the statutory method of redress provided either
by the charter or under the general law must be followed, if open
to him as well as the railroad company.

### 3. Same—Wrong Invasion—Permanent Damages—Statute.

When a railroad company is acting within its lawful rights in
operating its road, but unlawfully goes upon or invades the pro-
prietary rights of the owner of the land in so doing, the wrong
must, under the present law (Revisal, sec. 394), be redressed by
the award of permanent damages.

### 4. Same—Issues.

In an action brought against a railroad company by the owner
on account of its wrongful invasion of his land by taking the same
for railroad purposes the court should submit an issue as to per-
manent damages, this being the proper method of adjustment now
required by the statute (Revisal, sec. 394).

### 5. Damages, Permanent, Include What—Separate Issues.

As a rule, the term "permanent damages" includes those for the
entire injury done to the property, present, past and prospective;
but when the issues have been divided and answered by the jury,
so that one relates to past and the other to present and pro-
spective, the amounts may be added together and a judgment
awarded for the permanent damages recoverable.

### 6. Same—Successive Actions—Retraxit.

When it appears from the record that "plaintiff did not ask for
judgment on the issue as to permanent damages," and this did not
evidence his intention to enter a *retraxit* as to such, but simply

that he desired to test his right to maintain successive actions for his alleged wrong, a judgment for permanent damages upon the award of the jury should have been rendered.

ACTION tried before *Long, J.,* and a jury, at February Term, 1908, of CUMBERLAND.

Plaintiff alleged and offered evidence tending to show that he was the owner and in possession of a tract of land on either side of defendant railroad company's and including same within its boundaries; that about three years ago, a short while before the institution of this suit, defendant entered on the land of plaintiff and constructed its railroad and has since been operating same; that defendant has the power of eminent domain granted to it by its charter, but has never acquired a right of way by condemning the land under such power, but that it entered, built and is operating the road along an old right of way formerly acquired and used by a corporation known as the Enterprise and Improvement Company, which had the power and had acquired the right to operate a tramway (see former opinion in *Beasley v. Railroad,* 145 N. C., p. 272); that the construction and operation of said road caused damage to plaintiff's land, to recover which this action is brought.

Defendant admitted having constructed its road along the right of way of the said Enterprise and Improvement Company, claimed the right to do so, and made denial as to the other allegations of the complaint. When the cause was called for trial the plaintiff tendered an issue: "What damage, if any, is plaintiff entitled to recover of defendant for the wrongful and unlawful acts of defendant complained of?" and excepted to the court's refusal to submit the issue. The court submitted issues, and the verdict thereon was as follows:

"1. Is the plaintiff the owner of the slip of land referred to in the complaint and as alleged in the complaint?" Answer: "Yes."

"2. What damage, if any, is the plaintiff entitled to recover of the defendant for alleged wrongful trespasses up to the time of this trial?"    Answer: "Ten dollars."

"3. What permanent damages, if any, have been done to the plaintiff's land by the defendant in running its tracks and permanently using a portion of the plaintiff's land for its alleged right of way?"    Answer: "Forty dollars."

On the verdict and facts otherwise stated the court rendered judgment as follows:

"The jury having responded to the issues as they appear of record in favor of the plaintiff upon the first and second issues, and having ascertained his damages for trespasses alleged in his complaint up to the time of trial to be $10, it is now, upon motion of counsel, considered and adjudged that the plaintiff recover of the defendant said sum and the costs of the action, to be taxed by the Clerk."

The plaintiff stated that he did not ask for judgment upon the third issue for permanent damages. As that issue had been asked for by the defendant, his Honor submitted it in deference to the opinion of *Justice Connor,* on file, having been requested to do so by defendant's counsel.    The court submitted the issue, but as the plaintiff's complaint did not ask this relief and as defendant's answer did not ask for this relief the court declined to sign judgment on the third issue.    Plaintiff excepted and appealed.

*Sinclair & Dye* and *J. Sprunt Newton* for plaintiff.
*Robinson & Shaw* for defendant.

HOKE, J., after stating the facts: Where a railroad corporation has entered on the land of another and constructed its road and is operating same, and, having the power of eminent domain, has not exceeded the ultimate rights of appropriation contained in the power nor violated the restrictions imposed upon it by its charter or the general law, such company cannot be ousted from the land by action of ejectment in-

stituted by the owner nor subjected to successive and repeated actions of trespass by reason of the user and occupation of the property. If the damages sought would necessarily be included in an assessment in condemnation proceedings regularly had, the owner must pursue the statutory method of redress provided either by the charter or under the general law, if such method is open to him as well as the company. This has been uniformly held with us. *McIntire v. Railroad,* 67 N. C., 278; *Railroad v. Ely,* 95 N. C., 77; *Dargan v. Railroad,* 131 N. C., 623. And if the injuries complained of amount to an invasion of the proprietary rights of the owner not covered by such assessment, the wrong must under the present law be redressed by the award of permanent damages. *Stack v. Railroad Co.,* 139 N. C., 366; *Lassiter v. Railroad Co.,* 126 N. C., 509; *Beach v. Railroad Co.,* 120 N. C., 502.

This, we think, is the correct interpretation of the statute on the subject enacted in 1895, chapter 224, and brought forward in the Revisal, sec. 394, as follows: "2. No suit, action or proceeding shall be brought or maintained against any railroad company by any person for damages caused by the construction of said road, or the repairs thereto, unless such suit, action or proceeding shall be commenced within five years after the cause of action accrues, and the jury shall assess the entire amount of damages which the party aggrieved is entitled to recover by reason of the trespass on his property." Prior to the enactment of this statute, when an injury was caused by a structure permanent in its character, erected and maintained in the exercise and furtherance of its chartered rights and duties by a *quasi* public corporation having the power of eminent domain, in an action to recover for such injury an award of permanent damages could be required at the instance of either party to the controversy. *Parker v. Railroad,* 119 N. C., 677; *Ridley v. Railroad,* 118 N. C., 996. And in the case of railroads the statute referred to has made this course compulsory. *Cherry v. Canal Co.,*

140 N. C., 422. The court, therefore, very properly framed and submitted an issue addressed to the question of permanent damages. While the privilege and duty of suggesting such issues as they consider relevant and necessary may in the first instance rest with the parties litigant, it is the duty of the court always to see that the proper issues material and determinative of the question involved in the litigation are submitted and responded to by the jury. *Strauss v. Wilmington,* 129 N. C., 99. And this issue as to permanent damages being the one required by the statute as determinative, the issue tendered by plaintiff was properly rejected and that for permanent damages substituted.

These damages, then, having been ascertained and established, judgment should have been entered in plaintiff's favor for the whole amount of the recovery on both issues. For, while as a rule the term "permanent damages" signifies the entire injury done to the property and would ordinarily include damages for such wrong, past, present and prospective, if it appears that in ascertaining the amount these items have as a matter of fact been divided and determined on separate issues, as in this instance, the verdict will not on that account be disturbed, but judgment entered for the whole sum. *Ridley v. Railroad,* 124 N. C., 37.

For the purpose of this action a judgment may be properly defined as the conclusion of the law on the facts regularly and properly established in the course of a judicial proceeding. And, these facts having been established by the verdict, the judgment should be entered on the facts as found, for we do not understand or interpret the statement in the judgment, "That plaintiff did not ask for judgment on the issue as to permanent damages," to mean that plaintiff intended to enter a *retraxit* as to such amount, but simply that he desired to test his right to maintain successive actions for his alleged grievance. In permitting a recovery on this judgment we must not be understood as holding that in a claim for dam-

ages, which would be certainly and necessarily included in an award in condemnation proceedings, any other than the statutory method of redress is open to the proprietor. For, as stated, our authorities are clearly to the contrary. But in the present instance, as the question was not raised by defendant and it does not of a certainty appear but that other elements of damage may have been considered, we have determined to allow and direct that judgment be entered for plaintiff for the entire amount of his recovery on both issues, and it is so ordered.

Let this be certified, that judgment be entered on the verdict in plaintiff's favor for $50. The costs of the appeal will be taxed against the appellant.

Modified and Affirmed.