JOHN PORTER, H. B. PORTER AND C. B. PORTER v. ABER-
DEEN AND ROCKFISH RAILROAD.

(Filed 28 October, 1908.)

Railroads—Rights of Way—Ejectment—Parties—Permanent Dam-
ages—Pleadings.

> In an action for damages against a railroad company for un-
> lawfully entering upon lands of plaintiffs and wrongfully oc-
> cupying them for a right of way, it appears that one of the
> plaintiffs had, previously to the commencement of the action,
> conveyed the land to his coplaintiffs, who reconveyed it to him
> thereafter; further, that the company had entered on, constructed
> and was operating its railroad on the *locus in quo.* The plain-
> tiffs, who were the owners of the land at the time of the com-
> mencement of the action, filed no complaint: *Held,* (1) damages
> for the entire wrong—past, present and prospective—should be
> had in one action, and on payment thereof by the company an
> easement passed to it, as in proceedings in ejectment; (2) it
> was necessary to retain all the parties to the action in order
> to protect the defendant from other and further recoveries for
> the same cause, though the court would not compel those of the
> plaintiffs who had not done so to file complaints; (3) the com-
> pany could not be ousted by an action of ejectment.

ACTION tried before *Long, J.,* and a jury, at April Term,
1908, of CUMBERLAND.

The action was to recover damages against defendant com-
pany for unlawfully entering upon lands of the plaintiffs
and wrongfully occupying same in the exercise of a right of
way. The plaintiffs H. B. and C. B. Porter, having failed
to file any complaint, the action as to them was dismissed
and the cause proceeded with as between plaintiff John Porter
and the defendant. Said plaintiff developed his case and of-
fered evidence tending to show that he was the owner and in
possession of the land at the time of the alleged unlawful
entry thereon, and that he owned and was in possession of
same at the time of trial. It further appeared that said
plaintiff had no title to the land in question at the time the
action was instituted, to-wit, on 18 August, 1904, having at
that time conveyed the portion of land affected by defendant's

entry and occupation to his sons and coplaintiffs, H. B. and C. B. Porter, who reconveyed to their father, John Porter, after the action was instituted.

When it was disclosed, on the cross-examination of plaintiff John Porter that he had no title to the land at the time of action instituted, the cause was dismissed by the court, the judgment entered being as follows: "This cause coming on to be heard at this term of the court, before the court and a jury, and it appearing from the testimony and evidence introduced by plaintiffs that at the time of the institution of this action H. B. Porter was seized and possessed of one part of the land described in the complaint, and that C. B. Porter was seized and possessed of another portion of the land described in the plaintiffs' complaint, being the lands occupied by defendant for its roadbed and right of way, and that the plaintiff John Porter was not at the time of the commencement of this action seized or possessed of any portion of the strip of land described in the complaint; and it further appearing that no complaint was ever filed in this action by said H. B. Porter or by C. B. Porter, who were joined as parties plaintiff in the summons, it is now, on motion of Robinson & Shaw, attorneys for defendant, considered and adjudged that this action be dismissed as to H. B. Porter and C. B. Porter; and it further appearing that since the commencement of this action the said H. B. Porter and C. B. Porter have conveyed said land to the plaintiff John Porter, who was not seized or possessed of the same at the time of the commencement of this action, it is further considered and adjudged that this action be dismissed as to the plaintiff John Porter, and that the defendant, the Aberdeen and Rockfish Railroad Company, go hence without day and recover of the plaintiffs and the sureties upon their prosecution bond the cost of this action, to be taxed by the Clerk."

Plaintiffs excepted and appealed.

*Sinclair & Dye, J. Sprunt Newton* and *C. W. Broadfoot* for plaintiffs.

*Robinson & Shaw* for defendant.

HOKE, J., after stating the case: While the facts are not fully developed, we think, from a perusal of the pleadings and the evidence stated in the case on appeal, it appears by fair intendment that in 1902 the defendant company entered on the lands in question, claiming the right to do so, and have constructed their railroad and are operating the same, under and by virtue of a legislative charter; and on facts substantially similar we have held, in *Beasley v. Railroad,* 147 N. C., 362, that, under the circumstances indicated, a railroad company cannot be ousted from the land by action of ejectment on the part of the owner nor subjected to successive and repeated actions of trespass; but the remedy for the wrong, if one has been committed by the entry and occupation of the land, is to be redressed by an award of permanent damages. On a former appeal in that same cause, reported in 145 N. C., 272, *Connor, J.* (on page 278), speaking to this same question, delivered the opinion of the Court, as follows: "The plaintiff is entitled to recover of defendant a fair compensation for the injury done his land by entering upon it and constructing the railroad. When this is fixed and paid, the defendant will acquire the easement to use the land in the same manner, for the same purpose and to the same extent as if it had acquired the easement by condemnation."

It was formerly held, as indicated in Beasley's second appeal, reported in 147 N. C., 362, that where the damages suffered by the owner would be included under an assessment in condemnation proceedings, and such a method of redress was provided by the charter or the general law, such method should be pursued. This was so held chiefly for the reason that it was considered unwise and improper that an enterprise of this character, in which the public as well as

the stockholders had a vital interest, should be harassed and hindered and have its success jeopardized by numerous and repeated actions, when full redress could be afforded in one and the same proceeding. At the time of those decisions such a result could only be reached by condemnation proceedings, provided usually by charter or the general law. Since the same result is now accomplished by confining the owner, when suit is brought for the injury done, to recovery of permanent damages for the entire wrong, there is no longer any reason why either method of redress should not be pursued. The intimation to the contrary, therefore, in Beasley's second appeal may be considered as withdrawn.

Again, it was held in Beasley's second appeal that while the term "permanent damages" includes damages for the entire injury done the property—present, past and prospective—there is no good reason why this amount should not be ascertained by a verdict on different issues, when occasion requires that such a course should be taken. And it is further a well-recognized position with us that when there has been a wrongful entry and trespass on an owner's land, and such owner afterwards conveys the land to another, the right to recover for this wrong is personal to him who owned the land when the same was committed, and does not pass to the grantee. *Liverman v. Railroad,* 114 N. C., 692; *Drake v. Howell,* 133 N. C., 168.

A proper application of these principles to the facts presented requires that the order made by the Judge below, dismissing the action as to H. B. and C. B. Porter for want of a complaint, and dismissing the action of John Porter as on judgment of nonsuit, should both be reversed. The Court having decided that permanent damages, including recovery for the entire wrong—past, present and prospective—should be had in one action, and that on payment of such recovery an easement should pass to the road as in proceedings in condemnation, all who have an interest in the recovery, and

whose presence is necessary to protect the railroad from other and further recoveries for the same cause should be made and retained as parties. John Porter has an interest in such a recovery, and is a necessary party, both as being owner and in possession at the time of the original and wrongful entry and as present holder of the title, and H. B. and C. B. Porter are entitled to share in such recovery for the portion of the injury suffered while they were owners. The Court will not require them to file a complaint if they do not care to insist on their claim, but their presence in the suit is necessary to protect the defendant road from other and further litigation. When the road pays the permanent damages, the easement should pass, and, as stated, all whose presence is necessary to insure this result and protect the company from further action concerning it should be parties.

The order dismissing the action as to C. B. and H. B. Porter is reversed, and these persons will again become parties of record; and the order dismissing the action as on judgment of nonsuit is reversed, and the cause will be proceeded with in accordance with law.

Reversed.