GEORGE W. STRANGE, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed April 21, 1910—Rehearing denied June 9, 1910.*

1. RAILROADS—*duty not to obstruct flow of water when constructing road-bed existed at common law.* The duty of a railroad company, in constructing its road-bed, to provide for the unobstructed, natural flow of water was not created by clause 5 of section 19 of the act relating to railroads and warehouses, but existed at common law before that statute was enacted.

2. SAME—*road-bed may be treated as permanent if so regarded by company.* A railroad embankment, when completed as intended by the railroad company for continuous future use, may be treated by an abutting owner as a permanent structure, whatever may be the facts as to the practicability or possibility of changing it, and the abutting owner may sue and recover damages for permanent injury to his land caused by water, the natural flow of which is obstructed by the embankment.

3. SAME—*what proof does not defeat owner's right to recover damages for permanent injury to land.* Where a railroad embankment has been constructed as intended by the railroad company for continuous future use, proof that there are no engineering difficulties in the way of making more openings in the embankment and thereby removing the obstruction to the flow of water does not defeat the right of the plaintiff to recover for permanent injury to his land caused by the water.

4. SAME—*land owner is not required to bring action to compel railroad to make more openings in embankment.* Where a railroad embankment has been constructed as intended by the company for continuous future use, an abutting owner whose land is damaged

by the obstruction of the flow of water is not obliged to resort to some proceeding to compel the company to perform its duty by making more or larger openings for the water, nor is he obliged to treat the embankment as temporary and bring successive actions for damages as they accrue.

APPEAL, from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Crawford county; the Hon. ENOCH E. NEWLIN, Judge, presiding.

This is an action on the case brought by appellee, George W. Strange, against appellant, in the circuit court of Crawford county. The amended declaration consisted of three counts. In the first count it was averred that appellee was the owner and in possession of a certain eighty-acre tract of land, except one hundred feet off the west side thereof, in Crawford county; that appellant was in possession of said one hundred feet and also of another one hundred feet of land adjoining; that said land of appellant was in the same section and adjoined the land of appellee; that in August, 1906, appellant wrongfully, unlawfully and permanently erected and built, and thereafter maintained and continued, a permanent levee, embankment or railroad grade of great dimensions through the center of its land, which was constructed without sufficient openings therein to permit the free passage of water that accumulated on appellee's land, and by reason thereof the flow of large quantities of rain water which naturally flowed over and across the premises of appellee and onto the land of appellant was obstructed, and said water was diverted from its natural course and flowed in a different direction over and upon the land of appellee and there remained, whereby said land was permanently damaged. In the second count it is averred there is a large creek running through the land of appellee from north to south and thence on and across the land in possession of appellant; that by reason

of the erection and maintenance of the permanent embankment or railroad grade without sufficient openings, (describing it as in the first count,) the natural flow of water through said creek was obstructed and held back upon the land of the appellee and there remained, whereby said land was overflowed and rendered permanently unfit for cultivation and was thereby permanently damaged. The third count averred the erection and maintenance of the embankment or railroad grade as in the first and second counts, and that appellant had constructed a railroad track thereon, over which it was operating trains of cars, etc. The damages averred are substantially the same as in the second count. Appellee recovered a verdict and judgment in the trial court for $970. The Appellate Court for the Fourth District affirmed that judgment and granted a certificate of importance, upon which the case is brought to this court for review.

JAMES VAUSE, JR., (L. J. HACKNEY, CONGER & CONGER, and CALLAHAN, JONES & LOWE, of counsel,) for appellant.

P. G. BRADBURY, and PARKER & CROWLEY, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The only material question for decision is whether the correct measure of damages was adopted in the trial of the case. Appellant's contention is, that under the pleadings and the evidence appellee was not entitled to recover for a permanent injury to his land, but could only recover such damages as had accrued up to the time of the commencement of the suit.

Appellee by his declaration treated the railroad embankment and bridges as permanent structures and declared for damages for permanent injury to his land. On the trial

appellant did not controvert by any testimony the evidence offered by appellee to sustain the allegations of the declaration that the railroad embankment obstructed the natural flow of the water and caused it to flow back and stand on his land, thereby damaging him. In its brief appellant concedes all appellee claims on this question and that the embankment is a nuisance. Its proof was confined solely to showing by engineers that there were no impracticable or insurmountable engineering difficulties in the way of creating more openings or enlarging those already made through the embankment. Under this proof appellant contends the court was not justified in treating the embankment as a permanent structure. The argument made is, that it is the duty of a railroad company crossing or intersecting streams or water-courses with its tracks to so construct its railroad as not to obstruct the natural flow of water, and that where a railroad company fails to regard this duty, the remedy of an abutting land owner who is injured thereby is by some appropriate proceeding to compel the railroad company to make sufficient openings for the unobstructed flow of water, or treat the structure as temporary and bring successive actions to recover damages as they may accrue.

The duty of a railroad company, in the construction of its road-bed, to provide for the unobstructed, natural flow of the water was not created by the fifth clause of section 20 of the statute on railroads and warehouses, but existed at common law before that statute was enacted. (*Chicago, Burlington and Quincy Railway Co.* v. *People,* 212 Ill. 103; *Ohio and Mississippi Railway Co.* v. *Thillman,* 143 id. 127.) The proof shows appellant's tracks were laid on an embankment several feet high and several feet wide over and across water-courses which carried the water off of appellee's land. Openings at these places, constructed of concrete and re-inforced with steel, were made by appellant, the walls extending to the top of the embankment upon which the track was laid. The uncontradicted evi-

dence is that, as constructed, the embankment hindered and retarded the natural flow of water, so as to cause it to flow back and stand upon appellee's land, seriously damaging it for the purpose of cultivation. There can be no doubt that the appellant intended its embankment, and the openings in it, to be permanent and in that condition to run and operate its trains thereon. Two of the engineers who testified for the appellant that there were no engineering difficulties in the way of enlarging the openings were in charge of the work of construction when the embankment was built, and one of them testified that the bridges were built under his direction. The road was completed two years before the suit was brought and has since that time been operated in the condition it was in when the construction was completed. If appellant considered and intended its structure as completed to be permanent, we see no reason why appellee might not also treat it as permanent. The fact that it was not impracticable or impossible to remedy the source of the damage did not necessarily require appellee to treat the structure as temporary. The fact that he might have done so and have declared for damages only up to the time of commencing the suit, and not for a permanent injury, did not require him to do so.

Numerous cases will be found in our Reports where land owners have sued railroad companies for injuries to crops or other property on land, resulting from obstructions to the natural flow of water, and the recoveries were sustained. In *Kankakee and Seneca Railroad Co.* v. *Horan,* 131 Ill. 288, the action was brought for a permanent injury resulting from obstructions to the natural flow of the water by building an embankment across water-courses and leaving insufficient openings for the water to pass through. Plaintiff was the owner of a reversionary interest in the land, and it was contended by the railroad company that there could be no recovery for permanent injury to the land. The court held otherwise, and said that the embankment

and its bridges were to be regarded, in law, as permanent structures, not because it was certain they would always remain in the condition they then were, but because the company had the right to maintain them and no other person had any right to change them. The court said: "It is therefore held that, where deterioration of the value of land is occasioned by a nuisance created by the construction of a railroad, such nuisance is a permanent one, so that all damages for past and future injury to the property may be recovered in one suit, and such recovery is a bar to all future actions therefor.—*Chicago and Eastern Illinois Railroad Co.* v. *Loeb,* 118 Ill. 203." This view finds support in *Chicago and Alton Railroad Co.* v. *Maher,* 91 Ill. 312; *City of Centralia* v. *Wright,* 156 id. 561; *Chicago and Pacific Railroad Co.* v. *Stein,* 75 id. 41; *Illinois Central Railroad Co.* v. *Grabill,* 50 id. 241; *Hart* v. *Wabash Southern Railway Co.* 238 id. 336.

The substantial character of the work and material used in the construction of the embankment and the openings through it, as shown by the testimony, conclusively shows that appellant intended it to be permanent. This it does not deny, and there is no intimation in this record that it ever has made, or now intends making, any changes or alterations. Its position is, that if its structures impede the flow of water so as to damage abutting land owners it can be compelled to remedy the difficulty, and therefore the structure must be treated as temporary. If permanent structures meant only such as were incapable of being changed or altered, then there would be few, if any, permanent structures. It would doubtless be possible in the present case to remove the entire embankment and build an open trestlework in its place.

We are of opinion that a railroad embankment, when completed, as intended by the railroad company, for continuous future use, may be treated by an abutting land owner as a permanent structure. In such case the source

of injury is permanent in its nature, and will continue to be productive of injury independent of any further wrongful act of the railroad company. Whatever may be the facts as to the practicability or possibility of changing the structure, if it was intended to be and is treated as permanent by the railroad company, an abutting land owner may also treat it as permanent and sue and recover damages for a permanent injury to the real estate. If the land owner does so elect, his act will be construed as consent on his part to the continuance of the structure, with resulting injury. The apparent inconsistency in the decisions in cases of this character, we think, grows out of the fact that in some of the cases no recovery was sought for a permanent injury but the structure was treated by the land owner as temporary. It may well be that he may have an election to treat the structure as permanent or temporary under certain circumstances. The rule is well stated in Sutherland on Damages, (sec. 1046,) as follows: "The apparent discrepancy in the American cases on this subject may, perhaps, be reduced by supposing that where the nuisance consists of a structure of a permanent nature and intended by the defendant to be so, or of a use or invasion of the plaintiff's property or a deprivation of some benefit appurtenant to it for an indefinitely long period in the future, the injured party has an option to complain of it as a permanent injury and recover damages for the whole time, estimating its duration according to the defendant's purpose in creating or continuing it, or to treat it as a temporary wrong, to be compensated for while it continues,—that is, until the act complained of becomes rightful by grant, condemnation of property or ceases by abatement."

We find no error in the giving and refusing of instructions, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*