### J. H. PERRY v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 23 February, 1916.)

1. Railroads—Damages—Land—Crop Issues.

Where the damages are sought by the owner of lands, in his action against a railroad company alleged to have been caused to his lands and crops by the defendant's negligent failure to keep open the culverts under its roadbed, it is not necessary to submit issues as to damages to the crop and lands separately; but, at times, it is desirable to do so in order to present the questions involved, and such a course has been approved by the Supreme Court.

2. Issues — Verdict, Directions — General New Trial — Appeal and Error — Court's Discretion.

In an action to recover damages from a railroad company to the plaintiff's crop and lands, alleged to have been caused by the negligence of the defendant in failing to keep its culverts under its roadbed open, the trial judge erroneously instructed the jury to answer the issue as to whether the crops had been injured, "Yes," and owing to the connection between this and the other issues, the Supreme Court grants a general new trial, as a matter within its discretion.

3. Limitation of Actions—Railroads—Permanent Damages—Recurrent Damages.

In an action for damages against a railroad company arising from alleged negligence with respect to its roadbed, it is Held, that for injuries arising from the original and permanent construction of the road, properly maintained, the five-year statute of limitation, Revisal, sec. 394, applies; but those arising from the negligent failure of the defendant to properly maintain the road, such as keeping open culverts and the like, actions may be brought from time to time for the three years preceding the institution of the action, as in ordinary cases of recurrent injury.

APPEAL by defendant from Cooke, J., at December Term, 1915, of CHOWAN.

Civil action to recover damages to plaintiff's land and crops grown thereon by the construction of defendant's road through said land and by alleged negligent failure to keep open the culverts under the road-bed. On denial of liability, the jury rendered the following verdict:

1. Is the plaintiff the owner of the land described in the complaint? Answer: "Yes."

2. Have the lands of plaintiff been damaged by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

3. If so, in what amount? Answer: "$400."

4. Have the crops of plaintiff been damaged by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

5. If so, in what amount? Answer: "$600."

6. Is plaintiff's cause of action barred by the statute of limitations? Answer: "No."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Pruden & Pruden and S. Brown Shepherd for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

HOKE, J. The submission of a controversy of this character on issues addressed to the land and crops separately, while not always necessary, is at times desirable for the proper presentation of the questions involved, and such a course has been approved with us by direct decisions on the subject. *Beasley v. R. R.,* 147 N. C., 362; *Ridley v. R. R.,* 124 N. C., 37.

We are of opinion, however, that there was error committed to defendant's prejudice in charging the jury on the fourth issue: "That if they believed the evidence in this case they would answer the issue 'Yes.'"

While there are facts in evidence tending to support plaintiff's position, there is also testimony on the part of the defendant to the effect that plaintiff has suffered no injury from the construction and maintenance of the defendant road, either to his land or crops, and the issue should have been submitted as an open question for the jury to determine.

And, owing to the connection between the issues on the question of liability, for the error indicated, we think that, in the discretion of the court, a general new trial should be awarded.

On the issue as to the statute of limitations it has been held with us that for injuries arising from the original and permanent construction of a railroad, properly maintained, the action is controlled by section 394 of Revisal, requiring that the same shall be instituted within five years from the infraction of substantial damages to the property. But

for injuries arising from negligent failure to properly maintain the road, such as keeping open culverts and the like, actions may be brought from time to time and recovery had for the three years preceding the institution of the suit, as in ordinary cases of recurrent injury.

The differing views will be found presented and illustrated in *Rice v. R. R.,* 167 N. C., 1; *Duval v. R. R.,* 161 N. C., 448; *Campbell v. R. R.,* 159 N. C., 586, and other like cases, and it may be in the further trial of the cause that the issue on the statute of limitations should also be submitted to the jury.

For the reasons heretofore stated, defendant is entitled to a new trial of the case, and it is so ordered.

New trial.