## C. T. STILES v. TOWN OF FRANKLIN.

(Filed 26 May, 1917.)

**1. Municipal Corporations—Cities and Towns—Streets—Discretionary Powers—Statutes—Damages.**

Where the highway commissioners and the aldermen of a town are given by statute discretionary power to regrade and open the streets thereof when in their judgment required by the public interest, and damages are alleged in an action against the town, by an owner of land abutting upon a street, by reason of the widening of the street in taking the lands of opposite owners and elevating the further side of the street, leaving the original street upon its former level, but affording reasonable access to the new part of the street and original access to the other streets of the town: *Held,* the plaintiff has shown no actionable damages, and a motion to nonsuit should be allowed.

**2. Municipal Corporations—Cities and Towns—Streets—Statutes—Method of Assessments—Pleadings—Demurrer.**

Where a public-local statute provides a valid method for assessing damages to owners of lands abutting upon a street widened or regraded, such

owner should pursue the remedy prescribed, and a demurrer to a complaint which does not state this as a basis of a cause of action should be sustained.

APPEAL by plaintiff from *Harding, J.,* at Fall Term, 1916, of MACON.

At the conclusion of the evidence the court, being of opinion that there was not sufficient evidence to be submitted to the jury, entered a judgment of nonsuit. The defendant excepted and appealed.

*J. Frank Ray for plaintiff.*
*Robertson & Angel and Sisk & West for defendant.*

CLARK, C. J. Chapter 197, Public-Local Laws 1913, made it the duty of the highway commission and the board of aldermen of the town of Franklin to regrade and open streets when in their judgment required by the public interest. The street in front of plaintiff's lot, being in a low place, the defendant, in the interest of the public, graded on the side of the street opposite the plaintiff's lot a new street on the side of the hill higher up, but left to the plaintiff the use of the old street by which he went out and came in from both directions as theretofore, without any change. The defendant did not take any part of plaintiff's land, nor remove the street from in front of his property, nor interfere with the use which he had theretofore made of the former street in going out from his lot either to the right or to the left. By using the old street he comes out into the other streets of the town, whether he turns to the right or left, at exactly the same point as heretofore. The only difference is that the public do not use the old street in front of the lot, but the new street, which has been graded on the further side of the old street, because it is higher up. This is a convenience to the public and no disadvantage to the plaintiff.

There is no evidence of negligence in grading the new street, in its construction, nor in its operation. The new street being on the side of the hill, is some 4½ to 12 feet higher than the old street. The plaintiff could reach it by throwing a bridge across the old street, but he does not need to use it unless he is willing to build the bridge, as he has the same outlet into the new street by going as heretofore along the old street until he reaches the point where the new street and the old street came together on the same grade.

We concur with his Honor that as the plaintiff has precisely the same outlet, and the same use of the old street as he had before the grading of the new street, and the old street has not been removed from in front of his lot, and none of his land has been taken for public uses, he has not shown in evidence any cause of action. The judgment of nonsuit was proper. The street in front of the plaintiff's lot is now double the

width it was formerly. But there is no injury to the plaintiff in this, for the extra width is not taken from his side. It is the misfortune of the plaintiff that the new part of the street, being on a hillside, is higher than the old part, which is in a bottom. There was no malice or oppression shown. The action by the town authorities was merely in pursuance of legislative authority to give the traveling public a better and drier street.

Section 15 of the act (ch. 197, Public-Local Laws 1913) provides as the remedy for the plaintiff that if he feels aggrieved at the relocation of the street he shall apply to the highway commission for assessment of damages and for the summoning of three jurors for that purpose. It was incumbent upon the plaintiff to pursue the remedy marked out by this statute, *Dargan v. R. R.,* 131 N. C., 623; *Beasley v. R. R.,* 147 N. C., 365; *Hoke, J.,* in *Porter v. R. R.,* 148 N. C., 565; and his complaint does not state a cause of action, on which ground, also, the judgment of nonsuit should be

Affirmed.