R. C. BARCLIFT AND WIFE v. NORFOLK SOUTHERN RAILROAD CO.

(Filed 20 February, 1918.)

1. **Railroads—Construction—Waters—Damages—Limitation of Actions.**

   Under the provisions of Revisal, sec. 394 (2), that actions to recover damages caused by the construction of a railroad, or repairs thereto shall be commenced within five years, etc., after the cause of action accrues, the statute does not necessarily begin to run from the time the road or structures were orginally erected if thereafter changes have been made therein which caused appreciable and substantial damages to adjoining lands.

2. **Same—Ditches—Increase of Flow.**

   A railroad company in 1881, by lateral ditches, diverted quantities of water from their natural flow, conveying a part of the same by a drain ditch towards plaintiff's land, passing through a culvert under a county road, which method was sufficient at that time not to appreciably injure the plaintiff's land or crops growing thereon. In 1911 the company enlarged the ditch so as to increase the flow of the diverted water, to the substantial damages to the plaintiff's land and crops he endeavored to grow thereon, for which compensation is sought in the action: *Held,* the statute began to run from the later date, 1911. Revisal, sec. 394 (2).

**3. Railroads—Waters—Measure of Damages—Entire Damages—Crops.**

> The damages to land caused by the building of a railroad and structures within contemplation of Revisal, sec. 394 (2), are the entire damages, past, present, and prospective, including not only the depreciation of the land incident to the trespass, but also the injury to growth of crops during the period covered by the enquiry to the time of trial, which may be assessed by the jury on separate issues as to each.

CIVIL ACTION, tried before *Kerr, J.,* and a jury, at November Term, 1917, of PASQUOTANK.

The action, instituted 30 October, 1915, is to recover for the alleged wrongful diversion of water by defendant company on the lands of plaintiffs R. C. Barclift and his wife, Lavinia, causing substantial damages to the same. On denial of liability, the jury rendered the following verdict:

1. Is the plaintiff the owner of the land described in the pleadings? Answer: "Yes."

2. Has the defendant wrongfully diverted and discharged the water on the lands of the plaintiff, as alleged? Answer: "Yes."

3. What damage, if any, was done to the crops of Luna Barclift during the years 1913, 1914, 1915, 1916, and 1917? Answer: "1913, $75; 1914, $75; 1915, $87.50; $1916, $50; 1917, $100. Total, $387.50."

4. What permanent damage, if any, has the plaintiff, Luna, Barclift, sustained to her lands described in the complaint by the wrongful acts of the defendant? Answer: "$50."

5. Is the right of action of the plaintiffs barred by the statute of limitations? Answer: "No."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Aydlett & Simpson and Thomas J. Markham for plaintiff.*
*Ward & Thompson for defendant.*

HOKE, J. There were facts in evidence tending to show that defendant company, constructing its road in 1881, by lateral ditches diverted quantities of water from its natural flow and drainage and by a drain ditch conveyed a part of this diverted water towards the lands of plaintiffs, passing through a culvert under a county road, etc.; that this drain ditch, as originally made by the company, was about six feet wide and two to three feet deep and held the water in such fashion that the culvert under the county road and lower drain ditches were sufficient to carry same to a natural watercourse and without appreciable injury to plaintiff's lands or the production of crops growing thereon; that in 1911 the company enlarged this drain ditch to 9 feet in width and made

it much deeper, and in this way increased the flow of this diverted water to such an extent that the culvert under the road and the lower ditches were insufficient to carry it off, and the plaintiff's lands and the crops he endeavored to grow thereon were thereby greatly injured and damaged.

These facts, which have been accepted by the jury and established by their verdict, give plaintiffs a clear right to recover, and there is no error, to defendant's prejudice, in the proceedings below.

Our statute, Revisal, sec. 394, subsec. 2, provides that actions to recover damages caused by the construction of railroads or repairs thereto shall be commenced within five years after the cause of action accrues and requires that, in any such action, the jury shall assess the entire amount of damage which the party aggrieved is entitled to recover by reason of the trespass upon his property. In construing this statute, it has been repeatedly held that the limitation begins to run, not from the time the road or structures are built or repaired, but from the time that said structures cause appreciable and substantial damages to the property. It is further held that the entire damages shall be awarded, "past, present and prospective," and that said damages may properly include, not only the depreciation in the value of the land incident to the tresspass, but also the injury to growth of crops during the period covered by the inquiry and to the time of trial, and that these different sources of damages may be assessed on separate issues if such a course is found desirable. These positions were all recognized and applied in *Barclift v. R. R.,* 168 N. C., 268, a suit between these same parties concerning another piece of land in the same locality and involving the same diversion of water and the trespass incident to this alleged wrong. That well-considered case is in full accord with our decisions on this subject, and we regard it as decisive of all questions presented on the present appeal. *Perry v. R. R.,* 171 N. C., 38; *Duvall v. R. R.,* 161 N. C., 448; *Porter v. R. R.,* 148 N. C., 563; *Beasley v. R. R.,* 147 N. C., 362; *Stack v. R. R.,* 139 N. C., 366; *Ridley v. R. R.,* 118 N. C., 996.

We find no error in the record, and the judgment for plaintiff is affirmed.

No error.