R. C. BARCLIFF v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 11 September, 1918.)

**Damages—Subsequent Injury—Waters—Railroads—Judgments—Estoppel.**

Where damages—past, present, and prospective—have been recovered by a plaintiff of a defendant railroad company for negligently diverting surface water and ponding it upon his lands, an easement is acquired by the defendant to continue the particular injury for which it has paid, and the plaintiff may not thereafter recover, in a separate action, for the same

cause; and where he has alleged an additional and subsequent negligent act in his second action, and the issue as to this has been answered against him, he is concluded by the former judgment.

ACTION tried before *Bond, J.,* and a jury, at February Term, 1918, of PASQUOTANK.

This case was here before, and was reported in 168 N. C., 268. The action was brought to recover damages for injuries caused by diverting surface water and ponding.it on plaintiff's land. The former action was for the same cause, the only difference between the two being the allegation in this action that, since the former verdict and judgment for permanent damages, at November Term, 1914, the defendant, in the year 1915, widened and deepened the ditch or drain flowing through its culvert, and thereby caused additional damage to the plaintiff's land and crops, but this allegation the jury found was not true. The verdict was as follows:

1. Is plaintiff the owner of the land described in the complaint? Answer: Yes.

2. Has the defendant wrongfully diverted and discharged the water on the lands of the plaintiff, as alleged, by deepening or widening ditch referred to? Answer: No.

The other four issues related to the damages, and were not answered, as the second issue had been decided against the plaintiff. Judgment was entered on the verdict, and plaintiff appealed.

*T. J. Markham and Aydlett, Simpson & Sawyer for plaintiff.*
*C. E. Thompson for defendant.*

WALKER, J., after stating the case: The verdict of the jury shows that there has been no change in the facts since the former judgment was rendered—that is, no additional cause of damage. Assuming that this is not a case in which permanent damages could be assessed without the consent of the plaintiff, it appears that in the first case he deliberately amended his complaint for the purpose of having such damages assessed, and he having thus made his election, which was entirely voluntary, and the case having been tried on that theory, and a judgment for permanent damages—that is, all damages, past, present, and prospective—having been recovered, he will not now be heard to say that it was all wrong, and.that, while he has received the full amount of damages assessed by the jury upon the basis chosen by himself, he should not be bound by his act. This would not do, as it would be manifestly unjust, and contrary to all principles by which we judge the conduct of men. He cannot accept the benefit of his selection and at the same time repudiate the consequences.

This Court held in *Barcliff v. R. R.,* 168 N. C., 268, that permanent damages were recoverable, which was approved later in *Barcliff v. R. R.,* 175 N. C., 114, citing Revisal, sec. 394 (2); *Ridley v. R. R.,* 118 N. C., 996; *Stack v. R. R.,* 139 N. C., 366; *Beasley v. R. R.,* 147 N. C., 362; *Porter v. R. R.,* 148 N. C., 563; *Duvall v. R. R.,* 161 N. C., 448; *Perry v. R. R.,* 171 N. C., 38. The jury, in this case, have found as a fact that the ditch or drain has not been changed in any respect that would cause additional damage. It is of the same dimensions now as then, and for any injury resulting from the fill and drain, in its condition at that time, the plaintiff has in the assessment of the jury received his actual damages for all time, and he cannot be permitted to recover any part of it again. No man should be twice vexed for the same cause. The plaintiff may carve out as much as the law allows him in the first instance, but he will not be permitted to cut more than once. *Eller v. R. R.,* 140 N. C., 140; *S. v. Hankins,* 136 N. C., 621. Even where the rule, or the statute, as to permanent damages [Revisal, sec. 394 (2)], does not, perhaps, apply, this Court said, in *Brown v. Chemical Co.,* 165 N. C., 421: "While the plaintiff may not have been permitted in this instance to sue for permanent damages as a matter of right, the parties have the undoubted privilege of determining the case on that theory, if they so elect. It is one usually sought by defendant in order to protect himself from the cost and harassments of repeated suits and to acquire the right of conducting his business by designated methods; and where both parties have elected to have their rights determined on such an issue, it is not open to them, in the discretion of either, to change front and insist on a different method." *Webb v. Chemical Co.,* 170 N. C., 665; Woods Mayne on Damages, sec. 110. But the parties had the right to the assessment of permanent damages in the former suit. *Beach v. R. R.,* 120 N. C., 498; *Hocutt v. R. R.,* 124 N. C., 214; *Lassiter v. R. R.,* 126 N. C., 509; *Geer v. Water Co.,* 127 N. C., 349; *Caveness v. R. R.,* 172 N. C., 305. Such an assessment confers an easement, as in the case of condemnation, to continue the particular injury for which the damages were recovered and paid by the defendant. *Ridley v. R. R.,* 118 N. C., 996; *Rhodes v. Durham,* 165 N. C., 679; *Brown v. Power Co.,* 140 N. C., 333; *Webb v. Chemical Co.,* 170 N. C., 665; *Porter v. R. R.,* 148 N. C., 563. So it was held in *Murphy v. Matthews,* 40 Pa. Sup. Ct., 286: "Where a landowner brings suit against another to recover damages for the diversion of the water of a stream, and recovers a judgment based upon evidence of the difference in value of the land before and after the trespass, and the judgment has been paid, such landowner cannot maintain an action several years afterwards against the same defendant to recover damages for a continued diversion of the water of the same stream."

"A judicial determination of the issues in one action is a bar to a subsequent one between the same parties having substantially the same object in view, although the form of the latter and the precise relief sought is different from the former." *Lumber Co. v. Lumber Co.,* 140 N. C., 442; *Edwards v. Baker,* 99 N. C., 258; *Tuttle v. Harrill,* 85 N. C., 456.

These are but statements, in one or the other form, of the general proposition that a plaintiff cannot recover twice for the same thing, or, in other words, he cannot have two compensations for the same complete tort, but must abide the first recovery as a full satisfaction for the wrong, and especially is this true when he has solemnly agreed, upon his own initiative, as here, to accept such a payment in final settlement.

Nor can plaintiff now be permitted to allege that the former recovery was upon a wrong basis; for if there was any error to his prejudice in the trial of that case, he should then have excepted and had it corrected by an appeal, and it is now too late to raise the question, as the judgment forecloses all these questions and estops him. The cases of *Duval v. R. R.,* 161 N. C., 448; *Perry v. R. R.,* 171 N. C., 38, and like decisions, are not applicable to the facts appearing in this record, except as to the right to recover permanent damages. There is no allegation or finding that brings this case within the operation of the principles decided there. The real point is, that the plaintiff has obtained a judgment, which covered all future damages, as well as those which were past and present; and as the jury were allowed, by his election and consent, even if not by the law, to include all prospective damages flowing from the same wrong, it must be conclusively presumed as against him that plaintiff has already received what he is now seeking to recover again. He has had a fair chance to show new damages, but failed to do so, as the jury have said that there has been no alterations in the circumstances. The discussion may well be closed with what a learned text-writer has said upon this question: "A plaintiff must recover in one action all he is entitled to; if dissatisfied with the result, he cannot bring a new suit to recover something more on the same cause of action." 23 Cyc., 1171, and cases cited in note 72, especially *Hodge v. Shaw,* 85 Iowa, 137, where it is said by the Court: "The same evidence which would establish his right of recovery in this action would also have established his claim in the former case; and the most infallible test as to whether a former judgment is a bar is to inquire whether the same evidence will maintain both the present and the former action," citing *Hahn v. Miller,* 68 Iowa, 748, and other cases. . . . "Whenever the nuisance is of such character that its continuance is necessarily an injury, and where it is of a permanent character, that will continue without change from any cause but human labor, then the damage is an original damage, and may be at once fully

compensated. *Town of Troy v. R. R.,* 3 Frost (N. H.), 83; *Powers v. City of Council Bluffs,* 45 Iowa, 652, and cases cited. The reason of the rule is, that the cause of damage is permanent in character; that, unless interfered with by the hand of man, it will continue indefinitely; and hence, damages, whether past or prospective, can be estimated, and in such cases successive actions cannot be brought."

We have confined the discussions to the question stated and considered in the plaintiff's brief, but upon a full review of the entire record we find no error therein. The charge was fair, full, and correct, and there is. nothing of which the plaintiff can justly complain.

No error.