LUCRETIA MIDGETT v. EASTERN CAROLINA TRANSPORTATION COMPANY.

(Filed 22 September, 1920.)

1. **Carriers of Goods—Baggage—Gratuitous Bailee—Negligence.**

   Where baggage through no dereliction of the carrier fails to accompany the passenger and is forwarded by it at a later date without charge, the contract is one of bailment for the exclusive benefit of the bailor, and the obligation of the carrier is that of a gratuitous bailee, depending only upon its exercise of the care of a person of ordinary prudence under the circumstances.

2. **Same—Instructions—Appeal and Error.**

   Where the carrier is only held to the liability of a gratuitous bailee in transporting a trunk for its passenger, proof of delivery to the carrier of the trunk on the day following that of his passage, and the failure of the carrier to deliver, is evidence of its negligence sufficient to take the case to the jury, requiring an instruction as to the law relating to a gratuitous bailment and making a direction of an affirmative verdict on the issue of negligence reversible error.

3. **Instructions—Verdict Directing—Evidence—Appeal and Error.**

   Where a verdict may be directed by the court on the issue of a carrier's negligence, it is reversible error to do so on the issue of damages upon the testimony of the plaintiff as to the value of a lost trunk, the subject of the inquiry.

CIVIL ACTION, tried before *Cranmer, J.,* at Spring Term, 1920, of DARE, upon these issues:

"1. Was the property of the plaintiff lost and damaged through the negligence of the defendant? Answer: 'Yes.'

"2. What damage, if any, is plaintiff entitled to recover? Answer: 'Yes, $331.75.'"

The court peremptorily charged the jury as follows:

"If you believe the evidence, and find the facts to be as testified, then the court charges you to answer the first issue 'Yes.'"

From the judgment rendered, the defendant appealed.

*B. G. Crisp and W. A. Worth for plaintiff.*
*Meekins & McMullan for defendant.*

BROWN, J. The defendant company is a carrier, operating steamer *Trenton.* This steamer makes daily trips between Manteo and Elizabeth City. On 30 July, 1919, the plaintiff took passage on the *Trenton,* purchasing a ticket from Manteo to Elizabeth City. After reaching Elizabeth City, the plaintiff took passage on the gas boat *Ray,* operated under another and separate ownership, for South Mills, N. C., and paid for this latter passage a separate and distinct fare. On this latter trip the plaintiff requested Capt. Johnson of the gas boat *Ray* to meet her trunk the next day at Elizabeth City, upon the arrival of the steamer *Trenton.* At the time of leaving home on the early morning of the 30th, plaintiff had packed her trunk and left it to be sent after her the next day. During the afternoon of the 30th the trunk was delivered to defendant's agent at Manteo, who placed same in defendant's warehouse over night, and had it put aboard the *Trenton* next morning to be carried to Elizabeth City. No bill-lading, check or receipt was issued or requested, and no transportation charges paid or demanded. At that time it was the rule of defendant company that baggage following a passenger on a different date through dereliction of the company should be shipped only upon bill-lading, and upon payment of proper charges for transportation. On 9 August, 1919, plaintiff received the trunk on the wharf of the gas boat *Ray* at South Mills, at which time its contents, valued at $331.75, had been stolen or removed.

We are of opinion that his Honor erred in charging the jury peremptorily to answer the issues as above. *Perry v. R. R.,* 171 N. C., 38; *Kindley v. R. R.,* 151 N. C., 207. The trunk did not accompany the plaintiff as a passenger through no fault of the defendant. It was delivered the next day to the agent of the steamer at Manteo, and placed in the warehouse to be shipped to the plaintiff.

Where baggage, through no dereliction of the carrier, fails to accompany the passenger, and is forwarded at a later date without charge, the contract is one of bailment for the exclusive benefit of the bailor. The obligation of the carrier in such case is that of a gratuitous bailee. *Perry v. R. R., supra.*

Proof of delivery to carrier and of its failure to deliver is evidence of negligence sufficient to carry the case to the jury, but the jury should be instructed that the carrier is not liable, if, upon the whole evidence they do not find that it did not exercise the care of a person of ordinary prudence under the circumstances.

Again, there is no admission that the contents of the trunk were worth $331.75. It is true the plaintiff testified to this, but that was simply the opinion of the witness, and her opinion was not binding upon the jury. It was for the jury to fix the value.

New trial.