ROSCOE CONNER *v.* THE CITY OF SPENCER, *A Municipal Corporation*

(No. 7711.)

Submitted October 23, 1934. Decided October 30, 1934.

, S. P. Bell, for plaintiff in error.

Harper & Baker, for defendant in error.

MAXWELL, JUDGE:

This is a writ of error to a judgment of the circuit court of Roane County setting aside a verdict for $300.00 in favor of the plaintiff, and awarding a new trial.

The action is for damages to a spring on plaintiff's residential property abutting Prospect Street in the city of Spencer. The plaintiff alleges in his declaration and adduces testimony to prove that said spring, theretofore producing potable water, was ruined in 1927 by the city's grading and hard-surfacing said street, which is about fifteen or twenty feet distant from, and on a somewhat higher elevation than, the spring.

The trial court sustained the defendant's motion to set aside the verdict and award a new trial, on the theory that, whereas the case was tried before the jury on the

basis of permanent injury to the plaintiff's property, in reality, in the court's opinion upon more mature consideration, the injury, if any, was merely temporary; and therefore that a different basis of damages would have to be shown from that which had been developed by the plaintiff before the jury.

The evidence is in sharp conflict as to whether the polluted character of the water subsequent to the improvement of Prospect Street was attributable to drainage of surface water and sewage into the spring as a result of the work done in the street, or whether the unwholesome condition of the spring existed prior to the doing of said work and was not augmented thereby. The jury's determination of that conflict in favor of the plaintiff is, in our opinion, warranted by the evidence and is not against a preponderance of the whole evidence. Therefore, such finding must be taken as the factual basis of the controversy for application of the appropriate legal principles.

The jury's verdict necessarily implied affirmation of the plaintiff's contention that the work on the street—blasting of stones and removal of some of them—opened the strata on the upper side of the spring so as to permit the seepage of surface water and noxious matter into the subterranean stream which fed the spring. We are impressed that, in the very nature of things, such injury must be deemed permanent and not merely temporary.

A party whose real property has been damaged by another "is limited to the recovery of temporary damages, when the injury is intermittent and occasional, or the cause thereof remediable, removable or abatable. It assumes that the plaintiff himself may be able to remedy the cause of injury or relieve his property from its ill effects, or that the defendant will be induced or compelled, by the infliction of repeated judgments for damages, to remove it." *McHenry* v. *City of Parkersburg*, 66 W. Va. 533, 535, 66 S. E. 750. Cf. *Bartlett* v. *Chemical Co.*, 92 W. Va. 445, 115 S. E. 451. But the situation is different where injury to one's property has been brought about by work of construction of an essentially lasting and constant character. "In actions against coun-

ties, cities, towns and other municipal corporations, and railroad companies and other public utility corporations, clothed with the power of eminent domain, for injuries inflicted upon or done to real estate owned by private persons, by reason of the negligent or wrongful construction of their works, the cause of the injury is generally deemed to be permanent." *Bartlett* v. *Chemical Co., supra.* "If the injury is caused by erecting a structure or making a use of land which the defendant has a right to continue, the injury is regarded as committed once for all, and action must be brought to recover the entire damage, past and future." Sedgwick on Damages, section 95. Cf. *Keene* v. *City of Huntington*, 79 W. Va. 713, 92 S. E. 119; *Blair* v. *City of Charleston*, 43 W. Va. 62, 26 S. E. 341; *Guinn* v. *Railroad Co.*, 46 W. Va. 151, 33 S. E. 87; *Byrne* v. *Public Service Company*, 106 W. Va. 594, 146 S. E. 522.

For reasons stated, we are of opinion that the trial court erred in setting aside the verdict and awarding a new trial. Therefore, we reverse the judgment, re-instate the verdict and enter judgment here for the amount of the verdict and costs.

*Reversed; judgment rendered.*