J. H. KIRK *v.* NORFOLK & WESTERN RAILWAY COMPANY

(No. 8655)

Submitted February 8, 1938. Decided February 22, 1938.

*Wade H. Bronson,* for plaintiff in error.

*Goodykoontz & Slaven* and *W. W. Coxe,* for defendant in error.

HATCHER, JUDGE:

Plaintiff owns a tract of land below defendant's railroad. This action is to recover temporary damages to the tract allegedly caused by the manner in which defendant has piped the water from the hills above, under its roadbed onto the tract. The trial court directed a verdict for defendant and entered judgment accordingly.

Defendant purchased its right-of-way from one J. H. Adair who was also a predecessor in title of plaintiff. Defendant pleaded a judgment recovered against it by Adair as *res judicata.* In support thereof, defendant introduced the pleadings, the judgment and the official stenographer's transcript of all Adair's evidence in that case. Plaintiff objected to these papers on the one ground that the transcript did not contain the evidence of the railroad company. Since Adair's evidence showed what he actually litigated, and that was the only purpose of the transcript, the objection was properly overruled. His action was brought shortly after defendant's roadbed was constructed, and was to recover damages to the very land now in question, arising from that construction. His declaration alleged that defendant had thrown "rock, dirt, rubbish and debris" upon his land bordering the right-of-way, and had thereby damaged not only the portion so covered, but also diminished "the market value of the portion of plaintiff's lands not so covered up." For *all which* the declaration alleged damages amounting to $3,000.00. Upon the trial, Adair's main claim for damages was because defendant's fill, as he said, "throwed the water right over on me, and the water is about 400 feet long and all the way from 28 to 30 feet wide on the

property besides the fill. * * * At times * * * I can't get in and out to my property for the water. * * * I am suing * * * for putting this fill on me and throwing the water over on me, piping the water on me. * * * I am suing * * * for the water and the fill. * * * it hurt my whole place there. There has been lots of fellows there to buy a lot and saw that water standing on there and it would bluff them out. They kicked on that water being there." Then when questioned as to the amount these conditions had diminished *the market value of his property,* he replied "about $2500.00 or $3000.00." There was no objection to his testimony. The jury awarded $335.00 damages, the court entered judgment therefor and Adair accepted payment thereof from defendant.

Adair as a witness in the present case, first said that his judgment against the railroad company was for temporary damages, but later said "I don't remember, it has been so long back, about that, what the damage was." His vacillation prevents his first statement having any weight whatever against the official transcript, from which the above excerpts were taken. He made no estimate of accrued losses, which he would, had he sought temporary damages; but his estimate related only to the shrinkage in *market value* of his property, which was essentially a permanent damage. Plaintiff's brief itself admits, regarding the Adair case: "True the declaration * * * charges general detriment to plaintiff's land. * * * It is also true that some of the witnesses in the trial of the case testified to what might be regarded as permanent damages." But the brief contends that the Adair action "from the very nature of things, was for temporary damages." This contention is based on the assumption that the cause of the alleged injury to the land is "remediable, removable or abatable," as expressed in *McHenry* v. *Parkersburg,* 66 W. Va. 533, 535, 66 S. E. 750, 29 L. R. A. (N. S.) 860. That assumption, however, is affirmatively rebutted by the evidence herein of defendant's engineer, unquestioned, that the railroad bordering plaintiff's land was "properly constructed * * * with reasonable regard for * * * drainage"; and that "* * * it was necessary for the railway company to con-

struct and maintain these two drain pipes under the roadbed in the manner in which they now exist." That being so, the construction causing the alleged injury is permanent. It is not necessary here for us to determine the precise character of damages to which an injured land owner might be limited in such case; it is assuredly proper for him to recover permanent damages in one action if he so elects and the owner of the construction acquiesces. "* * * where the nuisance consists of a permanent nature and intended by the defendant to be so * * * the injured party has an option to complain of it as a permanent injury." Sutherland, Damages (4th Ed.), sec. 1046. Accord: *Strange* v. *Ry. Co.*, 245 Ill. 246, 91 N. E. 1036; *Fowle* v. *New Haven*, 112 Mass. 334, 17 Am. Rep. 106; *Rosenthal* v. *Ry. Co.*, 79 Tex. 325, 15 S. W. 268; *Barcliff* v. *Rr. Co.*, 176 N. C. 39, 96 S. E. 644. See also, *Hargreaves* v. *Kimberly*, 26 W. Va. 787; *Conner* v. *Spencer*, 115 W. Va. 481, 482-3, 176 S. E. 858.

Defendant's arrangement for piping the water is the same now as at the time of the Adair case. The evidence as to the water overflowing the land is of the same general character in the case at bar as in the Adair case. The fact that water damage was not mentioned specifically in Adair's declaration is immaterial now, since Adair himself purposely widened the issue as pleaded, with the acquiescence of defendant, to include directly water damage and actually litigated it. "* * * to render a matter *res judicata*, it is not essential that it should have been distinctly and specifically put in issue by the pleadings. It is sufficient that it be shown to have been tried and settled in the former suit. The issues made by the pleadings may by the action or acquiescence of the parties be broadened to include other matters. A judgment is conclusive as to issues made by the course of the litigation and within the subject matter of the action." Freeman, Judgments (5th Ed.), sec 695. Accord: *Laurenzi* v. *James E. Pepper Distilling Co.*, 90 W. Va. 794, 112 S. E. 177; 34 C. J., subject Judgments, sec. 1329. If that course in the Adair action was irregular or even erroneous, his privy in title, the plaintiff, cannot com-

plain, Adair having induced it. The Adair judgment is accordingly a bar to the cause of action herein.

The judgment herein is affirmed.

*Affirmed.*