## 11435

### CARROLL v. DAVIS *ET AL.*

#### (121 S. E., 601)

1. Trial—Submission Together of Cause of Action Under Condemnation Statute Against One Defendant and Tort Cause of Action Against Another Defendant Held Error.—The trial Court's action in submitting to the jury together two alleged causes of action for actual and punitive damages, one against the county authorities for compensation under the condemnation statute for the taking of land for a highway, and one against a private citizen in tort for inducing the highway commission to open a highway through plaintiff's land, *held* error, especially as the county was only liable for actual damages under any circumstances.

2. Torts—Private Citizen Not Liable for Inducing Authorities to Open Road.—That a private citizen induced the highway commission to open a road through plaintiff's land, *held* not to give a cause of action against him.

3. Eminent Domain—Damages Belong to One Owning Land at Time of Taking.—Damages for the taking of land for a highway belong to the one who owns the land at the time of the taking, and they do not pass to a subsequent grantee of the land except by provision to that effect in the deed or by separate assignment.

Before Bowman, J., Greenwood, 1922. Reversed and complaint dismissed.

Action by Eva B. Carroll against A. J. Davis, Greenwood County, the Greenwood County Highway Commission and others. Judgment for plaintiff and defendants appeal.

The amended complaint alleges:

(1) That the plaintiff is a citizen and resident of Greenwood County.

(2) That the defendant A. J. Davis is a real estate dealer and promoter residing in the city of Greenwood.

(3) That Greenwood County is a political subdivision of the State of South Carolina, and as such is capable of suing and being sued in the Courts of law of said State.

(4) That the defendant Greenwood County highway commission is a body politic, created by an act of the General Assembly of the State of South Carolina of the date of March 7, 1919, which said act is found in the general statutes of said State for the year 1919 at page 550, and under said act the said highway commission may sue and be sued, and the defendants John B. Sloan, F. S. Evans, B. S. Hodges, J. F. MacEnroe, W. H. Robinson, A. W. Rodgers, and H. L. Watson at present constitute the Greenwood County Highway Commission, each of them having been duly appointed under the terms of said act, and the amendments thereof, and each having duly qualified and entered upon the service and duties imposed by law upon the members of the said Highway Commission, and that John B. Sloan is chairman thereof.

(5) That the C. & W. C. Railroad and the public highway from Greenwood to Laurens and Coronaca, run close together and parallel to each other in a northerly direction, the public highway being on the east of the railroad to what is known as Sample's Crossing, about one mile from the city of Greenwood, at which point the railroad crosses the public highway in an open, level country with an unobstructed view of the railroad in every direction. That said highway enters the city of Greenwood through a direct connection with Reynolds Street and is in fact a continuation of Reynolds Street, and does not touch or cross the railroad at any point between Sample's Crossing and the city. That said highway has existed for many years, is fully 40 feet wide, level, unobstructed, and easily maintained, and has afforded easy, convenient, and safe com-

munication as a route to the traveling public to and from Greenwood for any and all purposes;

(6) That the defendant A. J. Davis owned January 1, 1920, and still owns, valuable real estate at or near Sample's Crossing on the west side of the C. & W. C. Railroad.

(7) That on the 14th day of February, 1920, and since the plaintiff was in possession of and owned three lots of land lying on the west side of the C. & W. C. Railroad fronting on said railroad and between Sample's Crossing and the city of Greenwood, a portion thereof lying within the city limits, the same being more particularly described as follows: 4⅛ acres more or less, bounded by C. & W. C. Railroad, street separating this property from the A. R. Gatlin land, lots of Miss Minnie Reynolds and Mrs. Eva Russell and others, the same being composed of lots Nos. 44, 45, and 47 of the B. F. Reynolds property as per plat by A. W. Hudson of date August 30, 1901, situate, lying, and being in the county and state aforesaid, and of the above facts, and each of them, the defendants herein at the time hereinafter named were fully advised and informed.

(8) That the defendant A. J. Davis, moved by the purpose and desire of developing, improving, and enhancing the value of his own private property, conceived, plotted, and planned a scheme to open and run a road from the public highway at or near Sample's Crossing, on the west side of the C. & W. C. Railroad, near the same and parallel thereto through plaintiff's property to Grace Street, in the city of Greenwood, and to evade the law and deprive plaintiff of the protection of the law in her rights schemed and planned to enlist his codefendants in his illegal and unlawful undertaking.

(9) That some time during the month of April or May, 1920, the exact date being unknown to the plaintiff, the said A. J. Davis entered into negotiations with his codefendants and revealed to them his scheme, and the said

codefendants, to aid and abet the said A. J. Davis in the same, illegally confederated and agreed with the said A. J. Davis for a moneyed consideration paid by him to them and other considerations unknown to plaintiff, to survey, lay out, excavate, build, and open a road 30 feet wide on the west side of the C. & W. C. Railroad from Sample's Crossing or near the same through plaintiff's property to Grace Street, in the city of Greenwood, and that said illegal agreement was made in the interest of the said A. J. Davis and for the sole purpose of aiding and abetting the said A. J. Davis in developing, improving, and enhancing in value the private property of the said A. J. Davis, and that there was no public necessity for said road or any demand therefor by the public.

(10) That on or about the ———— day of July or in August, 1920, the exact date being unknown to the plaintiff, the defendants herein, in pursuance of the said agreement made between themselves, against the repeated objections of the plaintiff, and over her protest, in violation of law, oppressively, and with intent to injure the plaintiff in her said property, unlawfully, and with willful disregard of the objections and protest of the plaintiff and the requirements of the law, entered upon the possession of plaintiff and the said lots of land and forcibly took possession of about 11,000 square feet of the most valuable part thereof which lay parallel to her dwelling, and in the rear thereof, and dug up the soil, excavated 3 or more feet deep, tore down and destroyed her fences and crop, and built and opened a road 58 feet from her dwelling and to the rear thereof 3 feet below the surface of the soil and 30 feet wide, for a distance, approximately, of 70 yards, and threw up, built, and erected over a natural drain a fill 10 feet high, 30 feet wide, and 44 yards long, obstructing the natural flow of the water therein, ponding the water and the impurities therein, sobbing her land, rendering the premises unhealthy and dangerous to health and life, thus making a

total length of 114 yards long and 30 feet wide extending through the entire length of plaintiff's property.

(11) That by the illegal, willful, and wrongful digging, excavating, and locating said road and building and erecting said fill through the entire width of plaintiff's property the defendants, with a reckless disregard of the rights of the plaintiff, cut her said lots into two separate parcels, leaving her dwelling house on a narrow strip between the C. & W. C. Railroad on the east and the said road and fill on the west, and the remainder of said lots on the west of said road and fill. That by said illegal, willful, and reckless conduct as aforesaid the said defendants forced upon the plaintiff the burden and expense of erecting and maintaining a separate fence with necessary gates around each of said parcels of land for the protection of her cattle, and the further trouble and expense of driving said cattle back and forth across said fill from lot to lot as the same may be necessary.

(12) That by the willful, wanton, and malicious conduct of the defendants in illegally entering upon the possession of plaintiff and forcibly taking possession of the most valuable part of said land, and cutting, excavating, filling, and building said road thereon through its entire length 114 yards long and 30 feet wide, said defendants have seriously depreciated the value thereof and damaged the plaintiff in the sum of $1,000.

Wherefore the plaintiff prays:

(1) For judgment for the recovery of said land.

(2) For actual damages in the sum of $1,000.

(3) For special damages in the sum of $200.

(4) For punitive damages in the sum of $500.

(5) For her costs and disbursements.

*Messrs. Grier & Park,* for appellants, cites: *Right of action under condemnation statutes:* 21 S. C., 403; 60 S. C., 388; 110 S. C., 321; 111 S. C., 115. *Without fee simple:* 86 S. C., 267; 11 Rich., 91; 11 A. & E. Enc. L. (2d Ed.), 1189 and 15 Cyc., 796; 15 S. C., 484; 15 S. C., 476; 20

Corpus Juris 858. *Vendee has no right to sue:* 111 S. C., 122. *Testimony not responsive to the issue of damages:* 20 C. J., 776-751; 10 R. C. L., 129. *Charge as to pleadings:* 72 S. C., 442; 113 S. C., 57. *Eminent domain:* 10 R. C. L., 184. *Waiver:* 47 S. C., 464. *Amended complaint:* 21 R. C. L., 528. *Demurrer:* 71 S. C., 250; 51 S. C., 313; 39 S. C., 333; 31 Cyc., 744.

*Mr. C. W. Creighton,* for respondent, cites: *Right in land and to compensation:* 36 S. C., 308; 59 S. C., 376. *Trespassers:* 37 S. C., 382. *Demurrer:* 117 S. C., 255; 113 S. C., 184. *Right of action:* 72 S. C., 381; 94 S. C., 202; 94 S. C., 243; 69 S. C., 481; 94 S. C., 195; 117 S. C., 251. *Public purpose:* 94 S. C., 202. *Governmental Capacity:* 116 S. E., 4346. *Evidence as to special damage:* 122 S. C., 58; 122 S. C., 220. *Notice by Court:* 121 S. C., 351. *Directed verdict:* 120 S. C., 245; 27 S. C., 318. *Charge:* 122 S. C., 153; 84 S. C., 306; 69 S. C., 481; 38 S. C., 34; 111 S. C., 115.

March 4, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action by respondent to recover a strip of land on which a road was built by the highway commission, for actual damages, for special damages, and for punitive damages. The case was heard by Judge Bowman and a jury, and resulted in a verdict in favor of plaintiff against both defendants. When the cause came for a hearing the defendants interposed a demurrer, which was sustained as to all of the defendants except Davis, but his Honor allowed the plaintiff to amend her complaint, so as to allow her to ask compensation against the county for taking her land, and submitted the case to the jury after all the testimony was in. After entry of judgment appelants appeal, and by six exceptions impute error.

We will not attempt to take up the exceptions in detail. Certainly his Honor was in error in submitting to the jury the causes of action as set out in the complaint against Davis and against the county authorities for compensation under the condemnation statute. The one was for compensation against the county authorities and the one against Davis for alleged torts. The county is only liable for actual damages under any circumstances, and the cases should have been submitted separately.

The demurrer of Davis should have been sustained. He was a private citizen, in no wise connected with the county. No overt act is alleged in the complaint which resulted in the injury complained of, but the complaint alleges that he induced the highway commission to open the road through plaintiff's land. The alleged wrongs alleged in the complaint against Davis do not give a cause of action against him. He did nothing that gave the plaintiff a cause of action against him. The alleged opposing causes of action were not those of Davis, but the acts of those clothed with authority in law to build roads in the county.

The complaint shows that the road had been actually built and had been in use by the public several months before Mrs. Carroll acquired title to the land. She obtained deed on November 8, 1920. Her husband, Mr. Carroll, testified that the road was built in June, 1920. This shows that she is not entitled to recover compensation. The weight of authority shows that, the plaintiff not being the owner of the land at the time of the entry of the highway commission, she is not entitled to compensation. *Bridges v. Southern Ry. Co.,* 86 S. C., 267; 68 S. E., 551; Ann. Cas. 1912A, 1056.

"Damages for the taking of land or for injury to land not taken belongs to the one who owns the land at the time of the taking or injury and they do not pass to a subsequent

grantee of the land except by a provision to that effect in the deed or by separate assignment." 20 Corpus Juris, 858.

The demurrer of Davis should have been sustained, and the other defendants should have had a directed verdict as asked for. The judgment is reversed, and complaint dismissed.

Reversed.

MESSRS. JUSTICES FRASER, COTHRAN, and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.