## 16402

### SHONNARD v. SOUTH CAROLINA PUBLIC SERVICE AUTHORITY

(60 S. E. (2d) 894)

*Messrs. Christie Benet and Herbert & Dial,* of Columbia, *for Appellant,*

*Messrs. R. M. Jefferies,* of Walterboro, and *W. D. Simpson,* of Moncks Corner, *for Respondent,*

August 28, 1950.

STUKES, Justice.

This action by appellant for continuing damages to land is similar in alleged facts to the case of *Rice Hope Plantation v. South Carolina Public Service Authority*, 216 S. C. 500, 59 S. E. (2d) 132. The main conclusion of the cited decision is applicable to this case; it is the converse of a proceeding under the power of eminent domain by the condemnor for the assessment of the value of private property taken for a public purpose. "As we read the complaint, we think it is clear that it does properly allege a cause of action for the recovery by the plaintiff from the defendant, a governmental corporate agency, just compensation for the property of the plaintiff alleged to have been taken, pursuant to the provisions of the State Constitution in Article 1, Section 17. See *Chick Springs Water Co. v. State Highway Dept.*, 159 S. C. 481, 157 S. E. 842, and the many cases following it." 216 S. C. 500, at page 513, 59 S. E. (2d) at page 136.

Appellant alleges ownership by her at the time of the "taking" of a plantation on the lower Santee River which suffers damages as the result of the diversion by respondent of water from that river to the Cooper River and resulting salinity from the ocean. The only contents of the answer which need be now noticed are the allegations that after the diversion of the water of the river appellant conveyed the plantation by general warranty deed, dated March 1, 1947, to Mrs Susie M. Abney and Mrs. Sallie Abney Smith and

that subsequently, by deed dated March 24, 1948, Mrs. Smith conveyed her undivided one-half interest to Mrs. Abney and neither of said deeds contained reservation of any cause of action against respondent, and thereby Mrs Abney and Mrs. Smith are proper, necessary and indispensable parties to the suit, without whom there cannot be a complete adjudication of the cause of action asserted in the complaint.

Upon certified copies of the deeds and upon affidavits respondent moved the court for an order adding the grantees as parties and providing for appropriate amendment of the summons and pleadings and service thereof upon them. The court ordered accordingly and said in part, as follows:

"The defendant contends that the present action is one for a taking without just compensation. If this be true, then the following decisions would apparently determine the rights of Mrs. Abney and Mrs. Smith, for the taking appears to have been accomplished prior to their ownership of the property. *Carroll v. Davis,* 128 S. C. 40, 121 S. E. 601; *Bridges v. Southern Railway,* 86 S. C. 267, 68 S. E. 551, Ann. Cas. 1921A, 1056; *Cayce Land Co. v. Southern Railway Co.,* 111 S. C. 115, 96 S. E. 725. The question of whether the acts complained of give rise to one right of recovery or successive rights is of importance. See: *Conestee Mills v. City of Greenville,* 160 S. C. 10, 158 S. E. 113, 75 A. L. R. 519; *Chick Springs Water Co. v. State Highway Department,* 178 S. C. 415, 183 S. E. 27. The issues touch the lands in question and the manner of the operation of the defendant's properties. Since the issues do affect the lands and since they have passed into the hands of subsequent purchasers, all of those who may have any interest in the controversy should be made parties. This is not a determination that the subsequent purchasers have such an interest. It is merely a determination that, as owners of the lands in question, they should be bound by the decision made in the cause. To do so, they must be made parties to the action."

The appeal is from the foregoing order upon exceptions which appellant has argued as making the single question.

quoting from the brief, "whether Mrs. Smith and Mrs. Abney should be made parties under the facts and circumstances of this case."

The Code of Procedure, 1942, contains pertinent provisions, as follows: Sec. 404: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein, and in an action to recover the possession of real estate, the landlord and tenant thereof may be joined as defendants; and any person claiming title or a right of possession to real estate may be made parties plaintiff or defendant, as the case may require, to any such actions." Sec. 409: "The Court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in. * * *" Sec. 494: "The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party. * * *"

Our decisions upon the bringing in of new parties to pending actions are collected in 26 S. E. Dig. and supplements, Parties, Par. 49 *et seq*. The last appears to be *Schroder v. Antipas*, 214 S. C. 87, 51 S. E. (2d) 365, in which this court reversed *sua sponte* for the purpose of adding new parties. Brief discussion of when exercise of the power is discretionary and when required is found in *Fouche v. Royal Indemnity Co.*, 212 S. C. 194, 47 S. E. (2d) 209, with citations of other recent, relevant cases.

Here reason enough exists for the impleading of the ▇ subsequent grantees in the consideration that otherwise they may hereafter sue respondent for the "taking" of the property which, according to the allegations of

the complaint, arises from continuing injuries to it. See the relevant decisions cited in the footnotes to code sec. 409. Respondent is entitled to an assessment of the entire damage, if any, past, present and prospective, which constitutes the taking, in a single proceeding. *Lockhart Power Co. v. Askew*, 110 S. C. 449, 96 S. E. 685. No precise authority was cited in either brief but our conclusion is indicated by the following from 30 C. J. S., Eminent Domain (subheading Remedies of Owner of Property), § 390, p. 102: "Ordinarily, a grantee or purchaser cannot sue for a taking or injury occurring prior to his acquisition of title, but he may sue for any new taking or injury. Thus where the taking is without right and the continued use constitutes a continuing trespass, it has been held that a vendee in possession may maintain ejectment."

Situation somewhat similar to the alleged facts of this case existed in *Porter v. Aberdeen & Rock Fish Railroad*, 148 N. C. 563, 62 S. E. 741, 743. John Porter owned land which the defendant entered and occupied as its right-of-way. Afterward Porter conveyed to his sons who joined him in an action parallel to that at bar. They abandoned the action and reconveyed the land to John who proceeded to trial. The lower court dismissed as to the abandoning sons and nonsuited the father because he was not the owner at the time of the commencement of the action. Both orders were reversed on appeal and the case remanded for new trial after the sons had again been made parties. The concluding paragraph of the opinion of the appellate court is here quoted: "A proper application of these principles to the facts presented requires that the order made by the judge below, dismissing the action as to H. B. and C. B. Porter for want of a complaint, and dismissing the action of John Porter as on judgment of nonsuit, should both be reversed. The court having decided that permanent damages, including recovery for the entire wrong, past, present, and prospective, should be had in one action; and that, on payment of such recovery, an easement should pass to the road as in

proceedings in condemnation, all who have an interest in the recovery, and whose presence is necessary to protect the railroad from other and further recoveries for the same cause, should be made and retained as parties. John Porter has an interest in such a recovery, and is a necessary party, both as being owner and in possession at the time of the original and wrongful entry and as present holder of the title, and H. B. and C. B. Porter are entitled to share in such recovery for the portion of the injury suffered while they were owners. The court will not require them to file a complaint if they do not care to insist on their claim, but their presence in the suit is necessary to protect the defendant road from other and further litigation. When the road pays the permanent damages, the easement should pass, and, as stated, all whose presence is necessary to insure this result and protect the company from further action concerning it should be parties."

No opinion is intimated concerning the rights, if any, of the grantees to recover in this action or concerning the respective rights and liabilities, if any, between appellant and her grantees relating to any recovery by either. No such issue is presented by the appeal. The circuit court was at pains to express no view thereabout, which we follow and affirm.

The exceptions are overruled and the order affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.