## 17783

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Respondent, v. James H. HAMMOND, Guardian *ad Litem* for Jane M. Jeffords, a Minor, C. V. Godwin, Lessee and Thomas N. Fowler, Lessee, Defendants, in which James H. Hammond, Guardian *ad Litem* for Jane M. Jeffords, a Minor is, Appellant.

(120 S. E. (2d) 21)

318

*Milledge T. Pitts, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Fulmer, Barnes & Verner,* of Columbia, *for Respondent,* ▮▮▮

May 12, 1961.

LEWIS, Justice.

This is a proceeding by the respondent, South Carolina State Highway Department, to acquire a right of way for highway purposes over lands owned by the appellant, Jane M. Jeffords, to which both the landowner and the lessees of the property were made parties. The appeal is by the landowner from an order of the Circuit Court denying her motions for an order dismissing the proceedings on the ground that proceedings to condemn the interest of the landowner and the interests of the lessees had been improperly joined in the same cause; and, in the alternative for an order separating the proceedings against the landowner from those against the lessees so as to permit separate trials as to the compensation to be paid each.

The Highway Department instituted these proceedings by the service of a notice of its intention to condemn on the landowner and her lessees. A hearing was held before a Board of Condemnation and an award made, from which an appeal was taken by both the landowner and the lessees to the Court of Common Pleas for a trial *de novo* before a jury. On the call of the case for trial in the Court of Common Pleas the landowner made the foregoing motions which

were denied. The lessees did not appear at the call of the case for trial and did not participate in any way in the motions made by the landowner.

While the parties have argued in this appeal several questions, we think that there are two questions presented for decision, namely; (1) Were the lessees properly joined as parties to the condemnation proceeding, and (2) Did the lower Court err in denying the landowner's motion for a separate trial to determine her damages? These questions will be determined in the order stated.

The lessees were properly made parties to the proceeding. They have an interest in the property condemned by virtue of their lease. Section 33-132 of the 1952 Code of Laws of South Carolina requires the Highway Department in condemnation proceedings to give notice to an "owner" of the land of its intention to condemn. The word "owner" as used in a condemnation statute has been construed to embrace not only the owner of the fee, but a lessee and any other person who has an interest in the property which will be affected by the condemnation. *Woodstock Hardwood & Spool Mfg. Co. v. Charleston Light & Water Co.*, 84 S. C. 306, 66 S. E. 194; 18 Am. Jur. 862, Sec. 229. The Highway Department is entitled to an assessment of all damages arising by virtue of the taking in a single proceeding and all persons whose presence is necessary to accomplish this purpose should be parties to the proceeding. See *Shonnard v. South Carolina Public Service Authority*, 217 S. C. 458, 60 S. E. (2d) 894. This is but an application of the settled policy of the law to bring before the court in one proceeding all parties who have a lawful interest in the subject matter of the action so as to avoid a multiplicity of suits.

The remaining question to be decided concerns the refusal of the trial court to grant the landowner's alternate motion for a separate trial for the assessment of her damages. The sole question presented for de-

cision here is whether or not the Circuit Judge erred in requiring the assessment of all damages sustained by the landowner and the lessees in the same trial. The questions argued relative to the method of determining the damages at a trial and the form of the verdict to be rendered, as they may be affected by the provisions of Section 33-142 of the 1952 Code of Laws, were not properly raised by this motion, are premature and are not considered in this appeal. The purpose of this proceeding is to determine the amount of compensation that the Highway Department shall pay for the property acquired. The questions raised by the landowner relative to the application of Section 33-142, *supra,* concern not the determination of just compensation but possible disagreements that might arise between her and the lessees.

The lower Court properly refused the motion of the landowner for a severance. The Court is not required in a condemnation proceeding to allow a separate trial to each owner of an estate or interest in the land condemned. *Kohl v. United States,* 91 U. S. 367, 23 L. Ed. 449; *State ex rel. McCaskill v. Hall,* 325 Mo. 165, 28 S. W. (2d) 80, 69 A. L. R. 1256. The landowner has failed to show that any legal prejudice will result to her by a joint trial. In the absence of such showing there could be no basis for the granting of a separate trial to determine her damages.

The order of the Circuit Court, in denying the motions of the landowner, held that at the trial of the case a collective or joint verdict should be rendered. As hereinabove stated, we refuse to pass upon this question.

Affirmed.

TAYLOR, C. J., and OXNER, LEGGE and MOSS, JJ., concur.