18661

CITY OF GREENWOOD, South Carolina, Appellant, v. Pansy Zouras PSOMAS, George Achilles Psomas, Club Soda, Inc., Ralph W. Alexander *et al.,* of whom Club Soda, Inc., and Ralph Alexander are, Respondents.

(155 S. E. (2d) 310)

*Messrs, Charles & Charles,* of Greenwood, *for Appellant,*

*Messrs. Nicholson & Nicholson,* of Greenwood, *For Respondents,*

*Messrs. Charles & Charles,* of Greenwood, *for Appellant,* in Reply.

May 31, 1967.

LITTLEJOHN, Justice.

The City of Greenwood, pursuant to Title 25, Chapter 5, of the 1962 Code, has acquired a lot of land for public use from the parties to this suit, all of whom claim an interest in the property. The case was first heard before a condemnation board and upon appeal by the City a jury trial *de novo* was held in the Court of Common Pleas. This court is now called upon to review the order of the circuit judge, which order held that only the interest of Pansy Zouras Psomas and her son, George Achilles Psomas, had been determined. That court directed that the claim of Club Soda, Inc., and Ralph W. Alexander be tried hereafter.

The land involved is subject to successive life estates in Pansy Zouras Psomas and her minor son, George Achilles Psomas, with the remainder in parties unknown, and was under lease to Club Soda, Inc., and Ralph W. Alexander, who are the respondents herein.

In June, 1963, the City served all of the parties to this proceeding and also John Doe, representing unknown beneficiaries, etc., with notice of condemna-

tion. Under the procedure, a board was appointed and either party was permitted to appeal the board's award to the Court of Common Pleas. The City appealed, asked for a trial *de novo* before a jury and the case was tried in September, 1963, resulting in a verdict for $31,937.50 against the City.

After the court adjourned *sine die* and the judge had left the circuit, the attorneys for the respondents, Club Soda, Inc., and Ralph W. Alexander, moved to have the case as to their interest as lessees docketed for trial by jury. The matter was heard before the trial judge, G. Badger Baker, in Florence, on December 31, 1963. The City raised two questions for the trial judge and the same are questions now before this court on appeal: (1) Did the trial judge, after *sine die* adjournment of the court and after he had returned to his home circuit, have jurisdiction to entertain the motion; and (2) Were the interests of the respondents (lessees) adjudicated and included in the condemnation proceeding and transferred to the jury award? The judge ruled adversely to the City on both points.

In these proceedings Pansy Zouras Psomas and George Achilles Psomas are represented by Messrs. Beasley and Beasley, while the lessees are represented by Messrs. Nicholson and Nicholson. All parties were served with notice of condemnation and the case was obviously placed on the Common Pleas docket and set by the bar association for trial, with all parties being designated as litigants. The trial before the jury was conducted by Messrs. Beasley and Beasley. It was appropriate that counsel for the Psomas be in active charge since Section 25-162 of the Code relating to "Condemnation by Municipalities" gives to the actual owner or owners, as distinguished from other interested parties designated in Section 25-1, the right to name the members of the condemnation board who will represent the condemnees at the board hearing. Interested parties with a short term lease, plus an option such as the respondents here, are entitled to participate if they so elect. Messrs. Nicholson and

Nicholson do not appear of record. However, it appears in their brief that "* * * members of this firm were present in the courtroom during substantial portions of the subject trial for the purpose of observing the City's witnesses. However, they were present only as spectators, not as participants." In addition, the manager of the Club Soda, Inc., (of which corporation respondent Ralph W. Alexander is president) testified for the condemnees. He stated that he had been placed in full charge of Club Soda, Inc., by the officers of that corporation.

At the beginning of the trial the trial judge asked *voir dire* questions relative to connection of jurors with the City and relationship with Pansy Psomas or George Achilles Psomas, but did not ask any questions relative to Club Soda, Inc., or Ralph W. Alexander.

In the judge's opening statement to the jury explaining the issues (there being no formal pleadings), he stated the following:

"This case is entitled the City of Greenwood v. Pansy Zouras Psomas, George Achilles Psomas and others. The City of Greenwood will generally be referred to as the 'City'. Pansy Psomas and George Psomas *and others* will be referred to as the 'Landowners'." (Emphasis added.)

Title 25 of the Code contains five chapters, all relating to the right of eminent domain. Chapter 1 is entitled "General Provisions" and applies to all of the other chapters. Chapter 5, under which this proceeding was instituted, relates to "Condemnation by Municipalities." Section 25-1 of Chapter 1 reads as follows:

" 'Owner,' etc., includes mortgagee; parties. The words 'owner,' 'landowner' or 'property owner,' as used in the condemnation statutes of this State, shall be construed to include all persons having a mortgage lien on the property condemned, or any part thereof, and all such persons shall be necessary parties to a condemnation proceeding."

Section 25-2 of Chapter 1 provides that parties may settle any disputes relative to an award by a proceeding in equity

"to which all persons served with notice of the condemnation proceeding shall be necessary parties."

From a review of the entire record and the entire charge of the judge, we conclude that the whole interest of all parties to the proceeding was appraised and included in the jury award. In the judge's opening statement to the jury he stated, "Pansy Psomas and George Psomas *and others* will be referred to as the 'Landowners.' " (Emphasis added.) The "others" were, of course, the respondents herein as evidenced by the condemnation papers before the court. We think that the charge of the judge, including his opening statement and the usual charge at the end of the testimony, directed the jury to award just compensation for the entire property condemned.

In the trial of the case three witnesses for the City and four witnesses presented by Messrs. Beasley and Beasley testified as to the fair market value of the property. There was no testimony directed to a separation of the fair market value of the lessors' interest to the exclusion of the lessees' interest. Under the evidence and under the charges of the judge, it would have been impossible for the jury to make any finding except a finding of fair market value of the entire property, including the interest of all the parties to the proceeding.

The lease was presented in evidence to the jury and several witnesses testified that they considered the same in making the appraisal. This was, of course, relevant since the fair market value of the property is affected by an existing lease. The jury is concerned with the whole fair market value; the City has no voice in the distribution of the award; the allocation of the funds among the condemnees is for a court of equity, as contemplated by Section 25-2.

This Court, in the case of *South Carolina State Highway Department v. James H. Hammond,* 238 S. C. 317, 120 S. E. (2d) 21, which case involved a highway condemnation proceeding, held as follows:

"The lessees were properly made parties to the proceeding. They have an interest in the property condemned by virtue of their lease. Section 33-132 of the 1952 Code of Laws of South Carolina requires the Highway Department in condemnation proceedings to give notice to an 'owner' of the land of its intention to condemn. The word 'owner' as used in a condemnation statute has been construed to embrace not only the owner of the fee, but a lessee and any other person who has an interest in the property which will be affected by the condemnation. *Woodstock Hardwood & Spool Mfg. Co. v. Charleston Light & Water Co.*, 84 S. C. 306, 66 S. E. 194; 18 Am. Jur. 862, Sec. 229. The Highway Department is entitled to an assessment of all damages arising by virtue of the taking in a single proceeding and all persons whose presence is necessary to accomplish this purpose should be parties to the proceeding. See *Shonnard v. South Carolina Public Service Authority*, 217 S. C. 458, 60 S. E. (2d) 894. This is but an application of the settled policy of the law to bring before the court in one proceeding all parties who have a lawful interest in the subject matter of the action so as to avoid a multiplicity of suits."

It is thus seen that the verdict written by the jury and already paid by the City provided just compensation for the entire property and the City should be required to pay no more.

There is no contention but that this case was docketed in the regular fashion and these respondents had full opportunity to participate in the trial of the case if they had so elected. Certainly, cousel for the respondents and the manager for Club Soda, Inc., were aware of the fact that this case, to which these respondents were parties, was being adjudicated and took no action prior to the jury verdict to seek a separate trial.

We therefore hold that the City has paid just compensation for the interest of all the parties to this action and the respondents are not entitled to pursue further claim against

the City and any interest which they had in the land is now transferred to the funds, being held for further order of the court.

We are also of the opinion that the circuit judge did have jurisdiction to rule upon this matter under all of the circumstances of the case.

The order of the circuit judge should be and the same is hereby

Reversed.

Moss, C. J., Lewis, Bussey and Brailsford, JJ., concur.