19166

Mary Oeland GALBRAITH, James W. Oeland and Raymond W. Oeland, Appellants, v. The CITY OF SPARTANBURG, Respondent

(179 S. E. (2d) 37)

*Messrs. Harvey W. Johnson,* and *James A. Creal,* of Spartanburg, and *J. Wesley Drawdy,* of Columbia, *for Appellants,*

*T. E. Walsh, Esq.,* of Spartanburg, *for Respondent,*

Messrs. *Harvey W. Johnson,* and *James C. Creal,* of Spartanburg, and *J. Wesley Drawdy,* of Columbia, *for Appellants,*

February 4, 1971.

*Per Curiam:*

This appeal is from an order of the lower court sustaining a demurrer to the first cause of action asserted in appellants' complaint. For the reasons set forth in said order, reported herewith, the demurrer was properly sustained. It should be noted, we think, that in the condemnation proceeding a decree of the court was entered in accordance with the settlement agreed upon. Such being the case, the settlement clearly became a judgment as held by the lower court.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.

## ORDER OF JUDGE BAKER

The defendant, The City of Spartanburg, has demurred to the plaintiffs' complaint which contains two causes of action.

On or about March 14, 1967, the city commenced or instituted an action for the condemnation of realty owned by plaintiffs. It is alleged that it was represented by the City of Spartanburg that the acquisition of the property "was immediately necessary for highway purposes", and the plaintiffs "believing the representation of the City of Spartanburg that the property was immediately necessary for street purposes, defended the condemnation proceeding on

value alone, and after a jury was drawn and empaneled, a settlement agreement was reached in Common Pleas Court."

It is further alleged that more than two years have elapsed since the proceeding was instituted without a widening of St. John Street, nor is there any present plan to proceed with the widening "under which plan the City improperly exercised the use of eminent domain." The plaintiffs allege that the condemnation was wholly premature, that there was not an actual necessity of condemnation, and there has been an unlawful taking.

It is stated in paragraphs seven, eight and nine of the first cause of action that plaintiffs had an advantageous lease from which they received a substantial return, that following the institution of the condemnation action the City deposited the alleged value of the property with the Clerk and began receiving the monthly rental from the tenant, and after four months had passed the tenant obtained another location and moved, leaving an unexpired term of twenty-nine months. The plaintiffs contend that "the unlawful and premature proceeding" destroyed their advantageous lease, causing a loss of rental in the sum of $13,200.00, that they were required to pay from the award the sum of $3,500.00 to the tenant for leasehold improvements, and pay $3,000.00 for attorney's fees in defending the action in Court.

The demurrer to the first cause of action is sustained. It is not alleged that the City made an intentional misrepresentation as to necessity, or that there were acts of fraud, bad faith or deceit in connection therewith. The settlement in the Court of Common Pleas is the same as a judgment. What plaintiffs are now seeking is a determination of necessity of acquisition through review of a judgment which they have not asked to be set aside. An attack is made thereon for the purpose of obtaining additional compensation for an unlawful and premature condemnation. There are no facts alleged to show that the City's determination of necessity in the beginning, was arbitrary, capricious or founded upon

fraud or bad faith. A question of necessity in the inception would not have been subject to review in the absence of fraud, bad faith, or clear abuse of discretion. *Sease v. City of Spartanburg,* 242 S. C. 520, 131 S. E. (2d) 683.

Abandonment is not claimed by plaintiffs, nor is non-user urged to show an intent to abandon, to defeat or impair the title of the City to the land. The demurrer does not admit that the condemnation was "unlawful" in the absence of allegations to substantiate an illegal proceeding or lack of regularity.

Plaintiffs are relying upon evolvement of facts after the adjudication of issues, but these allegations are not sufficient to open a judgment for the recovery of further damages or compensation. This is a collateral attack upon the judgment, a cause of action for an independent purpose other than the overthrow of the judgment. This judgment, regular on its face, is immune from attack, except upon fraud or lack of jurisdiction.

A litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former action. Any question of necessity could have been determined in the original action.

It is admitted in paragraph five of the complaint that the action was defended on the question of value, and it follows that the settlement represented the full market value. A loss of rental in a specific amount is not a cause of action in itself, but rental income is one of the components in establishing market value. Plaintiffs have been compensated for loss of rentals since the income productivity is not independent of market value but represents a standard of measure from which market value is determined. That plaintiffs' legal status has not been prejudiced by the alleged delay. They have the same financial condition in just compensation as they would have with the land used for the widening of the street. The fair market value of property is affected by an existing lease; *City of Greenwood v. Psomas,* 249 S. C. 519, 155 S. E. (2d) 310.

If plaintiffs had stated a cause of action, in the first cause of action, thy could not have recovered, or been repaid, the sum of $3,500.00 paid to the tenant for the value of leasehold improvements. The value of leasehold improvements was a factor in the determination of market value. It is stated in paragraph nine that "under the law of damages and eminent domain the plaintiffs were required to pay to the tenant the sum of Thirty-five Hundred ($3,500.00) Dollars as the value of leasehold improvements." Since this constituted an element of market value it is presumed in the absence of any allegation in the complaint to the contrary that the leasehold improvements were considered in the settlement, especially since plaintiffs were aware that they would have to reimburse the tenant.

Attorneys' fees were not an element of damages in the original action and such alleged relief is not available to plaintiffs through any construction of the allegations in the first cause of action.

Plaintiffs, as already stated, have been fully compensated for the value of the property acquired and have not been damaged by an alleged premature taking. They have elected to stand upon the original award and have not sought to regain possession. Damages asserted to have arisen because of a premature taking are inseparable from the market value which has been adjudicated. What plaintiffs are stating is that if the City had waited, to bring the action, until the time had arisen to widen the street, the plaintiffs would have been receiving the monthly rentals and probably would not have had to reimburse the tenant for leasehold improvements. As pointed out, income productivity and tenant compensation have been previously determined and cannot come to life as separate and independent causes of action through delay in public use.

The demurrer to the second cause of action is overruled. It is alleged that the City, in the settlement proceeding entered into an obligation to demolish the building which is

situated on the land acquired and the land remaining in possession of plaintiffs. Plaintiffs state there has been an unreasonable delay in demolition which has deprived them of the beneficial use of their property which could have been utilized for rental income if the building had been removed as agreed. A cause of action is stated for failure to demolish within a reasonable length of time. The merits of the allegations are not subject to decision by demurrer.